# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

**NICASIO CUEVAS QUILES, III;**
**THYLONIUS EDWARDS;**
**ANTONIO MCCARROLL;**
**DEVON SHUMPERT;**
**ROBERT H. DOLGNER;**

*et.al;*

Plaintiff[s];

**CIVIL RIGHTS COMPLAINT**
**TRIAL BY JURY DEMANDED**
**CASE NO. 20-CV-1128**

v.

**QUALA CHAMPAGNE, WARDEN;**
**MARIA SILAO-JOHNSON, INTERIM SUPERINTENDENT;**
**MAKDA FESSAHAYE, DAI ADMINISTRATOR;**
**DAVID HICKS, CAPTAIN;**
**SHIRLEY BERGER, HEALTH SERVICES NURSE;**
**DR. EUGENE P. BURKE, HEALTH SERVICES DOCTOR/PRACTITIONER;**
**EACH SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;**

Defendant[s];

---

**REQUEST TO TRANSFER OR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404**

---

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 Section 1331 and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. Section 1367.

2. The United States District Court for the Eastern District of Wisconsin is an appropriate venue under 28 U.S.C. Section 1391(b) (2) because it is where the events giving rise to this claim occurred.

1

3. The Plaintiffs request a transfer of the case or change of venue pursuant to 28 U.S.C. § 1404 due to a mailing error caused by the administrator for the Thompson Correctional Center (TCC) who mistakenly, and inadvertently, mailed the initial complaint to the United States District Court for the Western District of Wisconsin as opposed to the United States District Court for the Eastern District of Wisconsin.

4. The Plaintiffs contacted and spoke to a clerk for the United States District Court for the Western District of Wisconsin, a "Ms. Joanne," on December 29, 2020 after the Plaintiffs were notified of the unintentional error caused by TCC, who confirmed that the complaint was indeed received and filed. The Plaintiffs were also notified of the increase in the filing fee which went into effect December 1, 2020, in the amount of $402.00.

5. Pursuant to 28 U.S.C. § 1404 a transfer or change of venue is permissible when, stating in part, the following applies:

    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented;
    (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district; and
    (c) A district court may order any civil action to be tried at any place within its division in which it is pending.

The Plaintiffs therefore respectfully ask that the court grant the request as it is both timely and in the interests of justice.

**RESPECTFULLY SUBMITTED AND EXECUTED** in Deerfield, Wisconsin this 29th day of December, 2020.

_____
Nicasio Cuevas Quiles, III

_____
Thylonius Edwards

_____
Antonio McCarroll

_____
Devon Shumpert

_____
Robert H. Dolgner